276 N.J. Super. 283 (1994)
647 A.2d 1344
AMERICAN DELTA TECHNOLOGIES, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
RK ELECTRONIC INFORMATION CONCEPTS, A TEXAS CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 12, 1994.
Decided September 29, 1994.
*284 Before Judges PETRELLA, BROCHIN and CUFF.
William Goldberg, attorney for appellant.
*285 Bressler, Amery & Ross, attorneys for respondent (Edwin A. Zipf, of counsel; Charlene C. McHugh, on the brief).
PER CURIAM.
American Delta Technologies, Inc. (American) appeals from the dismissal of its complaint seeking certain commission fees from RK Electronic Information Concepts (RK Electronic).[1] The court below granted RK Electronic's motion to dismiss the complaint for failure to state a claim upon which relief could be granted. See R. 4:6-2. Counsel fees and costs were awarded in favor of RK Electronic against American.[2]
RK Electronic is a Texas corporation with its principal place of business in Dallas, Texas. It is in the business of providing claims management services to health care providers. RK Electronic markets its services by entering into Independent Sales Organization (ISO) agreements with independent contractors who, in turn, market the services to health care providers.
Under an ISO agreement between RK Electronic and American dated October 22, 1990, American agreed to act as an independent contractor to obtain sales of RK Electronic's services to health care providers. The agreement emphasized that American was to act as an independent contractor. It further provided that "[a]ll parties hereto submit to jurisdiction and venue in the state and federal courts of Dallas County, Texas for all purposes hereunder." Paragraph ten of the ISO agreement specifies that when *286 either party brings an action to enforce the agreement, the prevailing party is entitled to reasonable attorney's fees and costs.
On December 20, 1991, RK Electronic entered into a claims management agreement with Staten Island University Hospital (Hospital) under which it would process, service, track, collect and administer the Hospital's claims, using RK Electronic's claims management staff and medical claims software program. The agreement with the Hospital stated that American was the "authorized ISO obtaining this Agreement on behalf of RK Electronic." It was signed by a representative of the Hospital and the president of RK Electronic, and witnessed by an account consultant for American. A December 30, 1991 addendum specified additional terms and conditions to incorporate a New York State claims payment program. In March 1992, the ISO agreement between the parties was terminated. A dispute arose as to entitlement to commissions, and American filed a complaint in this State against RK Electronic seeking relief pursuant to the Sales Representatives' Rights Act, N.J.S.A. 2A:61A-1 et seq. (the Act).
The parties had agreed to litigate their disputes in Texas under Texas law. Here, the motion judge dismissed the complaint specifically because he held the Act inapplicable to the relationship between American and RK Electronic. The judge specifically stated that he was not suggesting in his dismissal whether or not American was entitled to commissions, but only deciding whether the services performed by American under the ISO agreement fell within the intendment of the Act. The judge concluded they did not and we agree. We likewise do not address the merits of the underlying commission dispute.
As noted, RK Electronic provides claims management services directly to area hospitals and other health care providers. Here, American functioned as a broker or finder to bring together RK Electronic and the ultimate user of the product.
The Act became effective September 7, 1990 by L. 1990, c. 93, §§ 1 to 7, as N.J.S.A. 2A:61A-1 et seq. It provides in N.J.S.A. 2A:61A-2:

*287 When a contract between a principal and a sales representative to solicit wholesale orders is terminated, the commissions and other compensation earned and unpaid through the last day of the contract shall become due and payable within 30 days. When a sales representative is discharged the commissions and other compensation earned and unpaid through the last day of the contract shall become due and payable within seven days.
A sales representative shall receive commissions on goods ordered up to and including the last day of the contract even if accepted by the principal, delivered, and paid for after the end of the agreement....
[Emphasis added]
The Act does not define "wholesale" or "goods" in the definition section. See N.J.S.A. 2A:61A-1. However, the terms "principal" and "sales representative" are defined in N.J.S.A. 2A:61A-1 as follows:
b. "Principal" means a person, including a person who does not have a permanent or fixed place of business in this State, who manufactures, produces, imports or distributes a product for wholesale; contracts to solicit orders for the product; and compensates persons who solicit wholesale orders, in whole or in part, by commission.
c. "Sales representative" means a person other than an employee, who contracts with a principal to solicit wholesale orders and who is compensated, in whole or in part, by commission but shall not include one who places orders or purchases exclusively for his own account for resale and shall not include one who sells or takes orders for the sale of products to the ultimate consumer.

[Emphasis added]
Thus, although the terms "wholesale" and "wholesale orders" are not defined, reference to the usual definition of those terms would apply.[3] "Wholesale" is defined in Webster's Ninth New Collegiate Dictionary (1988) as a noun as "the sale of commodities in quantity usu. for resale (as by a retail merchant)." As an adjective it is defined as "of, relating to, or engaged in the sale of commodities in quantity for resale."
Black's Law Dictionary, Sixth Edition, page 1597, likewise defines "wholesale" as:
Selling to retailers or jobbers rather than to consumers. [Citation omitted] A sale in large quantity to one who intends to resell.
*288 "Wholesaler" is defined in Black's Law Dictionary, Sixth Edition, page 1597 as:
One who buys in comparatively large quantities, and then resells, usually in smaller quantities, but never to the ultimate consumer. He sells either to a "jobber," a sort of middleman, or to a "retailer," who in turn sells to the consumer.
We reject American's argument that RK Electronic's services constitute tangible products so as to bring the transaction within the ambit of the Act. Moreover, it is clear from the undisputed facts that RK Electronic does not engage in wholesale orders, even if we attempted to characterize RK Electronic's services as a tangible product. Although we find it unnecessary to discuss that aspect, we do note that the record indicates that RK Electronic does not "sell" its software programs, but merely licenses health care providers to use the programs. Not only was there no sale to a wholesaler, there were no wholesale orders for the resale of goods as contemplated in the Act.
The Act applies only to wholesale sales and wholesale orders. Hence, it is immaterial whether American meets the definition of "sales representative" in the Act or whether RK Electronic is a "principal" under the Act since there is no wholesale order involved in the transaction in dispute between the parties. However, the motion judge's finding that the relationship between American and RK Electronic did not involve wholesale orders necessarily included a finding that RK Electronic is not a "principal" and American is not a "sales representative" as defined in the Act because both definitions encompass wholesale orders. See N.J.S.A. 2A:61A-1(b) and (c). Where wholesale orders are not involved, neither the definitions section of the Act nor the Act itself apply.
The record in this case indicates that American functioned more as a broker for services to be rendered than as a sales representative for the sale of goods for resale. Moreover, the definition of "sales representative" in the Act excludes a sale to the ultimate user. The Hospital is the ultimate user of the software and other services provided by RK Electronic through *289 American. This alone would exclude American's function under the ISO agreement with respect to the Hospital from the Act's scope. N.J.S.A. 2A:61A-1(c). Since RK Electronic's relationship with the Hospital is essentially a service contract and American acted only in the capacity of a finder of potential clients, the Sales Representatives' Rights Act does not apply.
Affirmed.
NOTES
[1] Originally there was a second count in the complaint against Lionel Smith, President of RK Electronic, based on alleged failure to pay the balance and interest due under a certain promissory note and security agreement. This count was dismissed by stipulation after proof of payment was supplied.
[2] The counsel fee order is not the subject of this appeal and was not briefed. Hence, we do not consider it. Any issue relating to counsel fees would be deemed waived. See Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973); Matter of Bloomingdale Convalescent Center, 233 N.J. Super. 46, 48, n. 1, 558 A.2d 19 (App.Div. 1989). And see State v. Reyes, 237 N.J. Super. 250, 263, 567 A.2d 287 (App.Div. 1989).
[3] We note in passing that a supplemental affidavit submitted by the president of American attempted to improperly provide legislative intent. It was incompetent for that purpose.